IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKEYSHA YOUNG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY CAMPUS SAFETY SERVICES, et al. | : | NO. 15-2892 |

**MEMORANDUM**

**Padova, J.**                                                                                          **October 28, 2015**

Plaintiff Lakeysha Young brings this action against Temple University Campus Safety Services, Temple University Police Department (collectively referred to herein as "Temple University"), and Ama Jones, a Temple University Police Officer, pursuant to 42 U.S.C. § 1983. Young also asserts supplemental state law claims against Temple University for negligent hiring, retention, and supervision. Defendants have moved to dismiss the Complaint's claims against Temple University pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we grant Defendants' Motion.

I.   BACKGROUND

The Complaint alleges the following facts. On December 26, 2012, while Plaintiff Lakeysha Young was speaking with the manager of the Bank of America branch at Broad Street and Cecil B. Moore Avenue, Defendant Ama Jones, ordered Young to leave the area. (Compl. ¶¶ 6, 9.) Although Young complied with that order, Officer Jones fired her taser at Young, striking her in the rear left thigh. (Id. ¶ 9.) Officer Jones then tackled Young, brought her to the ground, and hit her. (Id. ¶ 10.) As a result, Young sustained the following injuries: cuts and lacerations on her knees, a wound on her rear left thigh with scarring, and a sprained and strained

left knee. (Id. ¶ 11.) Young sought emergency medical treatment at Temple University Hospital. (Id.)

The Complaint asserts that Defendants violated Young's Fourth, Fifth, and Fourteenth Amendment rights. (Id. ¶ 12.) Counts I and II assert claims against Temple University pursuant to 42 U.S.C. § 1983. Count II also alleges "Supplemental Claims" pursuant to state law against Temple University for negligent hiring, retention, and supervision of its employees. Count III appears to assert a claim solely against Officer Jones in both her individual and official capacities pursuant to 42 U.S.C. § 1983.[1] Temple University has moved to dismiss all of the claims asserted against it in the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[1] It is unclear whether Count III asserts a claim against all Defendants or solely against Officer Jones.

2

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III.    DISCUSSION

####    A.    Section 1983 Claims

Young has brought her claims pursuant to 42 U.S.C. § 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote and citations omitted). Thus, in order

3

to state a claim for relief under § 1983, "a plaintiff must demonstrate the defendant, acting under color of law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id.

A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[2] Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). Consequently, when a § 1983 claim is asserted against a municipality, a plaintiff must also demonstrate that her constitutional deprivations were caused by an official policy or custom of the municipality or a failure by the municipality to train its employees. Id.; Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997); City of Canton v. Harris, 489 U.S. 378, 388 (1989). A municipal policy is a "'statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (alteration in original) (quoting Monell, 436 U.S. at 690). A custom, on the other hand, "is an act 'that has not been formally approved by an appropriate decision-maker,' but that is 'so widespread as to have the force of law.'" Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bryan Cnty., 520 U.S. at 404). Finally, the plaintiff must also establish that the municipal body employed the deficient policy or custom with "deliberate indifference" to the constitutional deprivations the policy or custom caused. City of Canton, 489 U.S. at 389; Beck v. City of Pittsburgh, 89 F.3d 966, 972 (3d Cir. 1996) (stating that, while the deliberate indifference standard originally applied to failure to train cases, it has been adopted "in other policy and custom contexts" (citations omitted)). Plaintiffs can prove such deliberate indifference by showing that decision-makers

---

[2] Temple University "is a municipal subdivision for the purposes of § 1983." Franks v. Temple Univ., Civ. A. No. 11-879, 2011 WL 1562598, at *3 (E.D. Pa. Apr. 26, 2011) (citations omitted); see also Frazer v. Temple Univ., 25 F. Supp. 3d 598, 607 (E.D. Pa. 2014) ("For purposes of § 1983, it is undisputed that Temple is a municipal subdivision." (citing Franks, 2011 WL 1562598, at 3)).

knew that similar constitutional deprivations had previously occurred and were aware of ways to prevent them, "'but either deliberately chose not to pursue these alternatives or *acquiesced in a long-standing policy or custom of inaction* in this regard.'" Beck, 89 F.3d at 972 (quoting Simmons, 947 F.2d at 1064). Where a plaintiff alleges municipal liability based on a municipality's failure to train its police officers, she generally may not rely on the unsatisfactory training of one officer. City of Canton, 489 U.S. at 390-91. Rather, the Supreme Court has made it clear that "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessarily' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1360 (2011) (quoting Bryan Cnty., 520 U.S. at 409).

Defendants argue that Counts I and II of the Complaint should be dismissed because they fail to plead sufficient facts to plausibly allege all of the elements of Monell claims. Count I purports to state a Monell claim based on Temple University's deliberate indifference to the constitutional rights of the citizens of Philadelphia. Count I's "deliberate indifference" claim is based on the following allegations:

1. Temple University "developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia, which caused the violation of Plaintiff's rights." (Compl. ¶ 15.)

2. "It was the policy and/or custom of Temple University . . . to deliberately disregard and/or ignore and/or avoid detection of acts of police officers against other citizens . . . , providing improper training and/or permitting police officers to assault citizens and/or use excessive force and undue physical brutality." (Id. ¶ 16.)

5

3. Temple University has a policy or custom of inadequately supervising and training its officers, "thereby failing to adequately discourage further constitutional violations," as they "did not require appropriate in-service training or re-training of police officers who were known to have engaged in prior inappropriate behavior."  (Id. ¶ 17.)

4. As a result of the aforementioned policies, Temple University police officers "believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated."  (Id. ¶ 19.)

Count II of the Complaint purports to state a Monell claim for "specific knowledge of the particular threat."  Count II alleges that Temple University had specific knowledge of the threat of constitutional violations, as "[i]t was the policy and/or custom of Temple University . . . to deliberately disregard and/or ignore and/or avoid detection of acts of police officers . . . by disregarding notices and/or warnings that such behavior was being exhibited by members of the police department."  (Id. ¶ 22.)  Count II also alleges that "[i]t was the policy and/or custom of Temple University . . . to inadequately supervise and train its administrative staff to take seriously, address and/or investigate reports of excessive force and police brutality against citizens."  (Id. ¶ 23.)

These conclusory statements, however, do not include any allegations of fact describing the relevant policies or customs of Temple University, how those policies or customs caused Young's constitutional injury, or what other instances of police misconduct put Temple University policymakers on notice of previous constitutional violations.  We conclude that the Complaint thus fails to plausibly allege that the claimed deprivations of Young's rights under the Fourth, Fifth, and Fourteenth Amendments were caused by an official policy or custom of Temple University, that Temple University acted with deliberate indifference to the

6

constitutional deprivations caused by its customs or policies, that Temple University ignored specific knowledge of any particular threat, or that Temple University failed to adequately train and supervise its police officers.  See e.g., Elias v. Twp. of Cheltenham, Civ. A. No. 14-6177, 2015 WL 356966, at *4 (E.D. Pa. Jan. 28, 2015) (granting 12(b)(6) motion because the complaint contained only conclusory allegations that the municipal defendant failed to adequately train and supervise its employees); Sacko v. Univ. of Pa., Civ. A. No. 14-831, 2014 WL 2547802, at *4 (E.D. Pa. June 6, 2014) (granting a motion to dismiss where the complaint failed to allege facts establishing that the municipal defendant's employees caused the deprivation of the plaintiff's rights and also failed to plead facts establishing that defendant's policymakers were aware of past constitutional violations); Doneker v. Cnty. of Bucks, Civ. A. No. 13-1534, 2013 WL 4511630, at *4 (E.D. Pa. Aug. 26, 2013) (dismissing Monell claim because the complaint failed to allege facts establishing that municipal defendants' failure to establish necessary policies was deliberately indifferent).  We further conclude that the Complaint fails to state facially plausible claims against Temple University for violation of Young's rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to Monell.[3]  Therefore, we grant Defendants' Motion to Dismiss as to Counts I and II.

    B.    Supplemental Claims

Count II of the Complaint also includes a section titled "Supplemental Claims" alleging that Temple University "negligently hired, retained and supervised . . . the administrative staff

---

[3] It is not clear whether Count III purports to assert a claim against Temple University. Count III is titled "42 U.S.C. Section 1983 Defendant Police Officer." (Compl. Count III.) Count III of the Complaint contains two paragraphs that allege facts.  Paragraph 28 mentions only "the defendant police officer." (Id. ¶ 28.)  Paragraph 29, however, asserts that "defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments." (Id. ¶ 29, emphasis added.)  The Complaint does not contain any additional allegations of fact supporting municipal liability with respect to this Count.  Accordingly, to the extent that Count III attempts to state a claim against Temple University, we conclude that it must be dismissed for failure to state a plausible claim for relief for the reasons stated above.

and police officer(s) of the Temple Police Department who disregarded the warnings of impending violence to the plaintiff and permitted the assault in the instant action under the laws of the Commonwealth." (Compl. ¶ 25.) This appears to be an attempt to allege a state law tort claim for negligent hiring and supervision against Temple University. Defendants move to dismiss the "Supplemental Claims" on the ground that Pennsylvania does not recognize a private right of action for violations of the Pennsylvania Constitution and because the factual allegations of the Complaint are too vague to state a facially plausible cause of action under state law.

The "Supplemental Claims" do not appear to state a claim for violation of Young's rights pursuant to the Constitution of the Commonwealth of Pennsylvania. Rather, it appears that Young seeks to assert a claim for negligent hiring or supervision under Pennsylvania common law. Pennsylvania recognizes employer liability for negligence in connection with the employment or supervision of its employees "consistent with the Restatement (Second) of Agency," which provides as follows:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: . . . (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; or (c) in the supervision of the activity. . . .

Heller v. Patwil Homes, Inc., 713 A.2d 105, 107 (Pa. Super. Ct. 1998) (quoting Restatement (Second) of Agency § 213 (1958)).

In order to state a plausible claim for employer liability for negligent hiring or supervision, a complaint must allege facts that, if true, would establish "the four elements of common law negligence, *i.e.*, duty, breach, causation, and damages." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 488 (3d Cir. 2013) (citing Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 42 (Pa. Super. Ct. 2000)). Such a claim is "specifically predicated on two duties of an employer: the duty to reasonably monitor and control the activities of an employee, and the

8

duty to abstain from hiring an employee and placing that employee in a situation where the employee will harm a third party." Id. (citing Hutchinson v. Luddy, 742 A.2d 1052, 1059-60 (Pa. 1999)). A complaint must also allege facts that would establish that the employer "'knew or should have known of the necessity for exercising control of its employee.'" Id. at 491 (quoting Devon IT, Inc. v. IBM Corp., 805 F. Supp. 2d 110, 132 (E.D. Pa. 2011)). Therefore a complaint must allege that the employer knew, "or, in the exercise of appropriate care, should have known that an employee had a propensity to engage in conduct for which the employee could be held liable." McClain v. RBS Citizen's Bank, N.A., 57 F. Supp. 3d 438, 442 (E.D. Pa. 2014) (citing Keffer v. Bob Nolan's Auto Serv., Inc., 59 A.3d 621, 662 (Pa. Super. Ct. 2012)).

The Complaint does not plead any facts that would establish that Temple University duty owed a duty to Young, any breach of that duty, or how the alleged breach caused Young's injuries. Moreover, the Complaint fails to allege any facts that would establish that Temple University knew or should have known that Officer Jones had "a propensity to engage in conduct for which [it] could be held liable." Id. (citation omitted). We conclude that the Complaint fails to state a facially plausible claim of negligent hiring or supervision pursuant to § 213 of the Restatement (Second) of Agency against Temple University. Therefore, we grant Defendants' Motion to Dismiss as to the "Supplemental Claims."

**IV.   CONCLUSION**

For the foregoing reasons, we grant Defendants' Motion to Dismiss. Although Young has not sought leave to file an amended complaint, we grant her leave to amend Counts I and II to state facially plausible claims against Temple University for violation of her Fourth, Fifth, and Fourteenth Amendment rights and for municipal liability under Section 1983. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (stating that "even when a plaintiff does not seek leave

to amend, if a complaint is vulnerable to a 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile" (citing Grayson v Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002))).  For the same reasons, we grant Young leave to amend her "Supplemental Claims."  If Young chooses to file an amended complaint, she must do so no later than November 20, 2015.  An appropriate order follows.

           BY THE COURT:

           /s/John R. Padova
           _____
           John R. Padova, J.